Keith Dwight WILSON, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–74–801.

Court of Criminal Appeals of Oklahoma.

May 5, 1975.

Rehearing Denied May 20, 1975.

**1326**

Truman B. Simpson, Shawnee, for appellant.

Larry Derryberry, Atty. Gen., James L. Swartz, Michael Jackson, Asst. Attys. Gen., Byron L. Wilhite, Legal Intern, for appellee.

## OPINION

### PER CURIAM:

Appellant, Keith Dwight Wilson, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Pottawatomie County, Case No. CRF–73–308, for the crime of Unlawful Possession of Marijuana[1] with Intent to Distribute, in violation of 63 O.S.1971, § 2–401, subd. B, par. 2. His punishment was assessed at nine (9) years plus one (1) day imprisonment and a fine of Five Thousand ($5,000.00) Dollars. From said judgment and sentence a timely appeal has been perfected to this Court.

Since no issue has been raised relating to the sufficiency of the evidence, we deem it only necessary to recite those facts which form the foundation of the errors now raised on appeal.

Defendant's first assignment of error is that the court's failure to comply with the statutory provisions for instructing the jury after it had retired for deliberation is fundamental error and grounds for reversal. The record reveals that after the jury retired for deliberation, the bailiff was called to the jury room and the foreman requested further instruction for good time credits. The court told the bailiff that they had their instructions and to read the instructions. The judge stated that was the sum total of the conversation (Mot. New Trial, Tr. 11).

Oklahoma presently follows the doctrine formulated in Ridley v. State, 5 Okl.Cr. 522, 115 P. 628 (1911). In interpreting §§ 6858, 6865, Syder's St., identical to 22 O.S. §§ 854, 897, *Ridley* states:

"It will be presumed, in the absence of anything to the contrary, that the rights of the defendant were prejudiced by the action of the jury. . . . Courts cannot be too strict in compelling a rigid and vigilant observance of the provisions of the statutes . . . ."

The provision to which *Ridley* refers is 22 O.S. 894, which states:

"After the jury have retired for deliberation, if there be a disagreement . . . *they must require the officer to conduct them into court* . . . ." [Emphasis added]

Thus, the doctrine formulated states that there can be no communication with the judge or any third person except in open court. The burden is on the prosecution to rebut the presumption of prejudice once it has arisen. The procedure and amount of evidence necessary to rebut is now in question.

Green v. State, Okl.Cr., 281 P.2d 200 (1955), which follows *Ridley*, holds that the language employed by the legislature is mandatory, not permissive. Green v. State, supra, states:

" . . . Failure to follow such a prescription will, *ordinarily*, amount to fundamental error." [Emphasis added]

*Green* suggests that although the statutes are mandatory, the question of evidence to rebut the presumption is applied through case-by-case analysis. The court could call the bailiff, judge and jurors to testify as to what occurred and effect of such occurrence. The third paragraph of the Syllabus in Green v. State, supra, states:

"The presumption of prejudice arising by reason of communication unauthorized by law between the jury, the foreman of the jury, and the trial judge had

---

1. Forty-seven (47) kilos.

in violation of the provisions of Title 22, § 894, O.S.1951, making it mandatory that such communication be had in the courtroom. in the presence of the court and counsel, and both the state and the defendant, can *only* be overcome by some evidence, at the hearing in the motion for new trial showing no prejudice occurred." [Emphasis added]

This Court holds that the better view is when a communication between judge and jury occurs, after the jury has retired for deliberation, a presumption of prejudice does arise but that such presumption may be rebutted in other ways in addition to the procedure mandated in *Green*. The presumption may be rebutted by proper and sufficient evidence at a Motion for New Trial, as specified in *Green*, and also such a presumption may be overcome if, on appeal, this Court is convinced that on the face of the record no prejudice to the defendant occurred.

■ This, in essence, returns to the doctrine enunciated in Walter v. State, 29 Okl.Cr. 221, 233 P. 240 (1925), wherein this Court held that the harmless error doctrine might be applicable in certain particular fact situations. See also, Robertson v. State, 96 Okl.Cr. 132, 250 P.2d 62 (1952); Selstrom v. State, 7 Okl.Cr. 345, 123 P. 557 (1912); Armstrong v. State, 2 Okl.Cr. 567, 103 P. 658 (1903). Selstrom v. State, supra, which follows the *Ridley* doctrine, holds:

" . . . There are many instances where necessary separations may be held trivial and nonprejudicial, especially where the undisputed facts are sufficient to rebut the presumption of prejudice . . . ."

*Armstrong*, which was decided before *Ridley*, states:

"While we must at all times guard the rights of the accused, we must not be so technical in procedure as to set aside fair and impartial trials upon mere shadows, thus bringing the administration of criminal justice into endless delay and public derision."

In certain circumstances it is not necessary to consider if the communication is reversible error or harmless error. In such circumstances no error occurs due to the fact that such a communication is not of the type the statute is intended to prohibit. For example, the bailiff communicates with the jury when he tells them to go to dinner; however, this is not a communication the statute intended to prohibit.

■ In the instant case the court should have called the jury into open court to reply that the judge could not give further instructions and failure to do so resulted in a technical violation of the statute. However, this Court, after a complete review of the record before us, finds that no prejudice resulted in the technical violation of the statute and any error was harmless. Any cases in conflict with this decision are overruled.

■ Defendant's second assignment of error alleges that the reading of a newspaper article dealing with the case, outside the courtroom, and contrary to the Court's instructions, is misconduct on the part of the jury and denies the defendant his right to have evidence presented in the courtroom and to hear all evidence as it is presented.

The article read by the jurors was as follows:

### "WITNESS GIVES ANOTHER STORY"

"A defense witness in the trial of Keith Wilson, 28, Elgin, Illinois, testified in district court that 47 packages of marijuana found in an auto following a shooting on I-40 near Shawnee belonged to Tim Shea, California, instead of defendant. The statement contradicted an earlier story the witness, Horgan, told law officials. Horgan first said the drugs belonged to Wilson. Both Horgan and Shea were hitch-hikers picked up by Wilson near Barstow, California."

As stated in the hearing on Motion for New Trial, the substance of the newspaper

story was essentially the same as the facts in the transcript (Mot. New Trial, Tr. 8). The newspaper stated that the marijuana was smoked through a pipe rather than a cigarette, as stated at trial. After the verdict was returned, the jurors were polled and the five who had read the article stated that the article had no effect upon their decision. The jurors heard the same facts at trial as were stated in the article. In Strickland v. State, 46 Okl.Cr. 190, 284 P. 651 (1930), this Court stated:

"The mere fact that jurors read newspapers during the trial of a case is not of itself ground for disturbing the verdict if the newspapers contain no comment on the case in hand.

"And even when the jurors receive newspapers containing accounts of, or comments on, the case, the verdict will not be disturbed if the papers *contain nothing calculated to mislead or improperly to affect their minds or to prejudice their verdict.*" [Emphasis added]

Also, in Wilson v. State, Okl.Cr., 458 P.2d 315 (1969), citing with approval Glasgow v. State, Okl.Cr., 370 P.2d 933 (1962), we stated:

" 'Before the final submission of a case to the jury, the burden to show prejudice from an alleged misconduct is on defendant.'

'The burden is on the appellant to make a showing that the jury's verdict was invluenced [sic] by an alleged unfavorable newspaper article.'

'A claim of misconduct of a juror before a criminal case is submitted to a jury is not to be determined by inference or on the basis of speculation, but must be established by clear and convincing proof.' "

The Tenth Circuit used the following language in Welch v. United States, 371 F.2d 287 (10th Cir. 1966):

"To conclude that appellant was denied a fair trial because of the factual reporting . . . requires the application of dual presumptions: that the jurors were both exposed to the publicity and *were prejudiced thereby. The law will presume neither* . . . ." [Emphasis added]

As stated previously, the jurors answered that the article did not affect their verdict. Therefore, we find the defendant was not prejudiced, and the second assignment of error is also without merit.

For all of the above and foregoing reasons, the judgment and sentence appealed from is, accordingly, affirmed.