Joe Bailey GIVENS, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–83–470.

Court of Criminal Appeals of Oklahoma.

Aug. 19, 1985.

Rehearing Denied Sept. 20, 1985.

John G. Ghostbear, Tulsa, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Deputy Chief Criminal Division, Oklahoma City, for appellee.

### OPINION

BRETT, Judge:

Appellant, Joe Bailey Givens, was convicted of Manslaughter in the First Degree in Tulsa County District Court Case No. CRF–82–409. He was sentenced to 30 years' imprisonment. The judgment and sentence of the trial court is affirmed.

Shirley and Frank Mitchell were in their livingroom watching the 10 o'clock news on television. Mrs. Mitchell said they heard a car stop in front of the house with the engine running about 10:30 p.m. Their front door is all glass so she could see the car from the livingroom. She saw appellant get out of the car on the passenger's side and start up the driveway. Frank Mitchell told his wife to go to the bedroom and he would answer the door. From the bedroom she heard two gun shots. She found her husband on the floor shot in the chest. He told her "He shot me. Call an ambulance." Mr. Mitchell died later from the wound.

Mrs. Mitchell had known appellant when she was a child some 15 years earlier; they attended the same church in Wetumka. She had seen him on two occasions recently, one of which was at her house. She also testified he was a friend of her brother.

She testified that her neighbor's porchlight was on, the street light on the corner was on and the snow gave ample illumination to identify appellant as he approached the house. She also recognized the car as her brother's. She testified her brother was driving.

The Mitchell's next door neighbor saw a car circle the block three times slowing down in front of the Mitchell's house each time until the last time it stopped. He could see the street from his couch through a glass storm door. He testified his porchlight was on that night and he saw a man get out of the car and approach the Mitchell's door. At that point he went back to watching television. He then heard two gun shots and went to his door in time to see a man jump in the passenger side of the car as it pulled away from the curb. He did not see the driver. The neighbor could not positively identify appellant as the person he saw, but his description fit appellant.

Neither Mrs. Mitchell or her neighbor saw a gun but both agreed that the person that came to the door had his hands in his pockets. The murder weapon was believed to be a .38 caliber handgun. No gun was produced at trial.

Appellant did not take the witness stand. His alibi defense was provided by his sister who said he was at her apartment at the critical time except for a short time when he went to buy beer. She estimated this absence lasted about 30 minutes beginning about 9:45 p.m. In a statement taken by the police a few days after the murder, she told them he was gone about an hour. She also said appellant was with Mrs. Mitchell's brother that evening and they had been drinking for several hours.

Initially, appellant contends the trial court committed reversible error by first instructing the jurors during voir dire that they should listen carefully because the testimony would not be reread to them later; and because the trial court did indeed refuse to reread testimony upon the request of the jury during deliberations.

The provisions of 22 O.S.1981, § 894, are as follows:

> After the jury have retired for deliberation, if there be a disagreement between them as to any part of the testimony or if

they desire to be informed on a point of law arising in the cause, they must require the officer to conduct them into court. Upon their being brought into court, the information required must be given in the presence of, or after notice to the district attorney and the defendant or his counsel, or after they have been called.

With regard to this statute this court has held: "The determination of whether or not the jury's request is granted lies within the judicial discretion of the trial court." *Glaze v. State*, 565 P.2d 710, 714 (Okl.Cr. 1977); *Kovash v. State*, 519 P.2d 517 (Okl. Cr.1974).

Declining the jury's request, to read certain testimony of one witness for a second time on the ground that such a reading would be repetitious and would add undue emphasis to that portion of testimony, is not error. *Jones v. State*, 456 P.2d 610 (Okl.Cr.1969).

In *Kovash*, the court allowed only that portion of the testimony upon which the jury disagreed to be read. In the instant case nothing in the record indicates that the jury disagreed over any of the testimony. The judge informed the jury that the testimony would not be reread due to the risk that it would be taken out of context with the rest of the evidence. Under these circumstances the court had valid reasons for refusing the jury's request, therefore, the court did not abuse its discretion.

■ Appellant next objects to the manner in which the Information was amended. The preliminary information charged appellant and Lloyd Dean Harjo, the driver of the car, conjointly with first degree murder.

The crime occurred on January 30, 1982. Appellant heard the police wanted to talk to him so he turned himself in. He was formally charged on February 1, and on February 2, retained private counsel to represent him. The docket sheet does not show appellant's attorney appeared at the preliminary hearing held on February 16. On the other hand, Harjo, represented by the public defender, filed a motion to quash

(March 8) and for severance (April 26). Ultimately, on May 14, Harjo's motion to quash was sustained and the charges dismissed against him. It is apparent from the record that from the very beginning Harjo was actively pursuing various means of separating from appellant.

Appellant was formally arraigned on April 16. On October 20, appellant's private counsel was permitted to withdraw from the case, the public defender's office was appointed, then the public defender was allowed to withdraw and private counsel was appointed by the court. According to the record, all of this took place on the same day. The jury trial began on January 18, 1983. Appellant's attorney announced ready and the trial proceeded.

The prosecutor read "the information". According to the transcript the information that was read charged only the appellant. There was no objection by appellant's attorney and the trial proceeded in the customary fashion. On what was apparently the third day of trial, the judge, in chambers, advised the attorneys the court file contained only the original preliminary information filed on February 1, which charged both appellant and Lloyd Dean Harjo with the crime. At that point, appellant objected for the first time to the information. Counsel on appeal is a different attorney from the three attorneys that were involved in the trial stage of the case.

There is no question this problem was initially an error emanating from the district attorney's office since they have the duty to prepare and file informations. However, by the time appellant's trial counsel was appointed in October appellant was the only defendant in the case. The information that was in the court file was a matter of public record; the same public file that *did not* have an amended information in it. After three days of trial and after listening to the prosecutor read the information at the opening of trial appellant was aware he was the only defendant in the case. It was the district judge that

**1142**

pointed out the problem and allowed appellant to make an objection.

Even with a timely objection the errors complained of could have been corrected at the last minute without a continuance. According to 22 O.S.1981, § 469 the State may go to trial on the preliminary information if it is otherwise adequate. In this case the information was satisfactory with the exception that there was surplus language. After eight months, this error became merely clerical in nature and not substantive as appellant argues, 22 O.S.1981, § 410. The trial court was correct in overruling appellant's belated objection and allowing the trial to proceed.

Appellant's next objection is that the trial court should have granted the jury's request to view the crime scene. There is no record appellant's trial counsel supported this view or objected when the judge declined the request. It is not enough for appellate counsel to decide after the fact that it would have been a good idea. It was snowing on the night of the crime and this condition alone would be a factor that would affect the appearance of the crime scene. This error, if indeed it was one, is not fundamental nor was it preserved for appeal. *See Odum v. State*, 651 P.2d 703 (Okl.Cr.1982). We have reviewed the record and find the trial judge was correct in his ruling. 22 O.S.1981, § 851.

The appellant next alleges that the trial court committed reversible error by not calling the jury back into open court as required by 22 O.S.1981, § 894; instead, the court answered the jury's written questions with written notes sent to the jury room. When a communication between judge and jury occurs, after the jury has retired for deliberation, a presumption of prejudice arises. That presumption may be overcome if, on appeal, this Court is convinced that, on the face of the record, no prejudice to the defendant occurred. *Wilson v. State*, 534 P.2d 1325 (Okl.Cr.1975).

In *Wilson*, after the jury retired for deliberation, the bailiff was called to the jury room and the foreman requested further instruction. The court told the bailiff to tell the jury that no further instruction would be given. *Wilson* held:

> In certain circumstances ... no error occurs due to the fact that such a communication is not of the type the statute is intended to prohibit. For example, the bailiff communicates with the jury when he tells them to go to dinner; however, this is not a communication the statute intended to prohibit.... [T]his Court, after a complete review of the record before us, finds that no prejudice resulted in the technical violation of the statute and any error was harmless. Any cases in conflict with this decision are overruled.

534 P.2d at 1327 (Okl.Cr.1975).

In *Bosin v. State*, 565 P.2d 1061 (Okl.Cr. 1977) this Court held that no prejudice resulted to the defendant when the jury communicated with the judge by written notes, and the trial judge answered by written notes without calling the jury and parties back into the courtroom.

In the instant case the jury submitted three handwritten notes to the trial court; they requested to visit the scene of the crime; they requested to rehear certain testimony and to read the statement that appellant made to police; and, they requested information regarding sentencing. The trial court responded by typewritten notes which denied the jury's requests with appropriate reasons for doing so. The appellant was found guilty of a lesser included offense and received a moderate sentence. Under these circumstances no prejudice to the appellant resulted from the judge's written statements.

The appellant complains that the district court's Allen charge unlawfully coerced the verdict of the jury. The Allen instruction, OUJI No. 910, was given after the jury had deliberated for approximately seven hours and appeared to be deadlocked eleven to one. In *Sartin v. State*, 637 P.2d 897 (Okl.Cr.1981) this Court upheld the Allen instruction where the jury was apparently deadlocked at eleven to one, after

four hours of deliberations. *Sartin* held that the Allen instruction is proper when the trial court had carefully avoided any coercion.

In the present case, after reading OUJI No. 910 to the jury, the judge commented "I have to be very careful of what I say at this time." He then allowed the jury to return to deliberations. The court carefully avoided any coercion. The jurors were clearly advised against surrendering their convictions for the sole purpose of arriving at a verdict. Nothing in the record indicates that the appellant's rights were prejudiced by the trial judge when he gave the additional instruction to the jury.

 Last of all appellant claims there was an accumulation of errors and irregularities that would justify a modification of sentence. He does not specify if he is referring to the five propositions already dealt with or if there were others. We have examined the record and we find appellant had a fair trial; there was adequate evidence to support the jury's verdict. *Brown v. State*, 563 P.2d 1182 (Okl.Cr. 1977). Appellant was convicted of a lesser included offense than the one charged. The judgment and sentence is therefore AFFIRMED.

PARKS, P.J., and BUSSEY, J., concur.