## KEEFER v. PUBLIC SERVICE CO. OF OKLAHOMA.

No. 28557. April 18, 1939.

Rehearing Denied May 16, 1939.

W. P. Morrison, Claude Briggs, Bob Perdue, and John Morrison, for plaintiff in error.

V. E. McInnis, James H. Ross, and Sullivan G. Ashby, for defendant in error.

HURST, J. Herschel Kersh Keefer was killed by a bolt of lightning. This action for wrongful death was brought by his mother, Mrs. Johnny Keefer, as next of kin, against the Public Service Company of Oklahoma, on the theory that the death resulted from the negligence of the defendant company in failing to properly maintain its line. The trial court instructed a verdict for defendant. Plaintiff appeals, contending that the court erred in refusing to submit the question of negligence to the jury.

The evidence showed that decedent was proceeding down a section line road; that defendant company maintained and operated a high voltage line which crossed said road and was 38 feet above it; that along each side of the road there was a wire strand fence standing four or five feet above the bed of the road. Plaintiff's witnesses testified that a bolt of lightning was seen to run along defendant's line past two poles, and when it arrived over the middle of the road, midway between two poles, it flashed from the line, 75 feet away, to decedent's body, killing him instantly. In answer to a hypothetical question assuming these facts, plaintiff's expert witness testified that it indicated to him that the safety devices on defendant's line were not properly functioning. Defendant introduced evidence showing that its line was not out of repair and that it was employing all the safety devices known to the trade. No evidence, other than the fact of the happening of the tragedy, was offered by plaintiff to rebut this evidence. There was no evidence whatever that injury was likely to result from the condition of the line. All of the expert witnesses, including plaintiff's expert, testified that it was highly improbable that a heavy charge of electricity would leave a line in the middle of the span; that it was very much more probable that it would leave the line at the pole, for the reason that the guy wires on the poles and the poles themselves were better conductors than air; and if it did so leave the line into the air, it was much more likely to travel the 34 feet to the fence or the 38 feet to the ground than to travel the longer distance of 75 feet to the body of decedent. Experts also testified that lightning travels so fast that the witnesses could not have seen it traveling down the high line, as they testified they did.

1. Plaintiff relies upon the doctrine of res ipsa loquitur. Assuming, without deciding, the facts here involved are sufficient to invoke that doctrine, we will direct our inquiry to the propriety of instructing a verdict in such cases. Unquestionably, in a negligence case the burden is upon plaintiff to prove the negligence of defendant. Halbach v. Parkhill Truck Co. (1934) 169 Okla. 475, 37 P.2d 971. But in certain situations, where the thing which causes injury is shown to be under the management of the defendant, and the accident is such as in the ordinary course of things does not happen if proper care is used in its management, the law helps plaintiff prove his case by raising an inference of negligence from the happening of the injury. The rule of res ipsa loquitur is a rule of evidence only. Carter Oil Co. v. Independent Torpedo Co. (1924) 107 Okla. 209, 232 P. 419; Eastern Torpedo of Ohio Co. v. Shelts (1926) 121 Okla. 129, 247 P. 974. Its effect is that when the physical condition causing the injury has been shown and is not explained by the defendant, an inference of negligence may be drawn as a legitimate deduction of fact. Champlin Refining Co. v. George (1938) 182 Okla. 118, 76 P.2d 895. The inference, however, is rebuttable, and when a satisfactory explanation is offered by defendant, the inference is overcome. Carter Oil Co. v. Independent Torpedo Co., supra.

We are not unmindful of the rule announced in Billington Lumber Co. v. Cheatham (1937) 181 Okla. 402, 74 P.2d 120, stating that ordinarily the weight of the rebuttal evidence offered by defendant to overcome the inference is for the jury. But if defendant's explanation is so clear and convincing that reasonable minds would agree that defendant was not negligent, the inference is overcome as a matter of law, and the court may properly instruct a verdict for defendant. Klein v. Price (1936) 179 Okla. 272, 65 P.2d 198; Dunning v. Kentucky Utilities Co. (1937, Ky.) 109 S. W.2d 6; 45 C. J. 1224, sec. 784.

We are of the opinion that defendant's evidence does so clearly rebut the inference of negligence raised by the doctrine invoked that all reasonable minds would agree in the conclusion that it was not negligent.

2. Plaintiff also contends there is sufficient direct evidence to go to the jury. Plaintiff failed to adduce any evidence of specific acts of negligence and relied upon the happening of the injury to show defendant company must have been negligent. From

an examination of the record, we conclude there was no evidence of negligence sufficient to go to the jury. It follows that the trial court properly instructed a verdict for the defendant. Spartan Air Craft Co. v. Jamison (1938) 181 Okla. 645, 75 P.2d 1096.

Judgment affirmed.

BAYLESS, C. J., and GIBSON, DAVISON, and DANNER, JJ., concur.