**NATIONAL UNION FIRE INSURANCE COMPANY, Plaintiff in Error,**

**v.**

**John ELLIOTT, Defendant in Error.**

**Ida M. ADAMS, Plaintiff in Error,**

**v.**

**John ELLIOTT, Defendant in Error.**

**No. 37115.**

Supreme Court of Oklahoma.

June 5, 1956.

Everest, Gibbens, Crawford & Vaught, Walter M. Powell, Oklahoma City, for plaintiffs in error.

Butler, Rinehart & Morrison, Oklahoma City, for defendant in error.

CORN, Justice.

This appeal presents for consideration the propriety of the trial court's action in sustaining defendant's demurrers to plaintiffs' evidence in two separate actions, consolidated for trial, brought to recover damages for loss by fire of standing grain. The factual background, from which arose the question presented on appeal, may be summarized in the following manner.

Ida M. Adams owned certain land in Ford County, Kansas, which was being farmed by tenants (Weddle) upon a crop rental basis. Plaintiff, National Union Fire Insurance Company had insured the crop against fire and other perils. On June 25, 1952, defendant and his employees were engaged in custom harvesting of the wheat crop owned by the tenants. Having returned from hauling a load of wheat to a nearby town defendant "caught" two loads of wheat from the combine, drove to the other side of the field and stopped his truck on the wheat stubble and walked to another loaded truck which was parked some 50–100 yards away. As he started to enter the second truck he saw that the stubble around the other truck was burning and the vehicle was enveloped in flames. The fire was seen by others in the vicinity, who assisted in bringing it under control after 89.45 acres had been burned over, including 36.45 acres of ripened, uncut wheat. Plaintiff paid the tenants the full amount of the fire loss ($1,460.76) due under the policy, and by written agreement became subrogated to all their rights, claims and interest. Both the insurer and the landlord filed actions to recover for their respective loss.

The petition charged that the loss resulted from lack of due and proper care of defendant, or his agents and employees, who had exclusive care, control and management, use and operation of the truck; that the circumstances were unusual and wholly within defendant's control; that all circumstances attending starting of the fire were wholly within defendant's knowledge, and neither plaintiff nor the assured had knowledge or means of knowing the exact cause of the fire, but the loss suffered was not such as ordinarily would have happened if defendant, agents and employees, had used proper care. Further, that the laws of the State of Kansas, where the cause of action arose, governed determination of the issues. The petition specifically plead the applicable laws as follows:

"They (the words res ipsa loquitur) simply mean 'the thing speaks for itself'. And that means the thing or instrumentality involved speaks for itself."

"For application of the 'res ipsa loquitur' doctrine, it must appear that the instrumentality which produced the injury was at the time of the injury under defendant's sole and exclusive control."

"The doctrine cannot be applied where the thing which actually caused the injury or damage is unknown, but when it is known and disclosed and relied upon as the basis of the damage or injury, the application of the doc-

trine of res ipsa loquitur will infer negligence in the doing of the thing or in the commission of the act."

"The inference of negligence arising from the initially established fact compels the defendant, in order to relieve himself of liability, to move forward with his proof to rebut the inference of negligence."

"Negligence is not presumed, but must be established by proof, and where direct proof is lacking, the circumstances may be proved, and if they leave no reasonable conclusion to be drawn other than that the defendant was at fault, they may be shown to make a prima facie case and to warrant application of the 'res ipsa loquitur' doctrine."

The petition of Ida M. Adams, seeking recovery against defendant upon her claim for crop rental interest destroyed by fire was predicated upon the same allegations noted above. Separate answers were filed, wherein defendant admitted the happening of the fire but specifically denied having caused same, or that any liability attached by reason thereof. Defendant also specifically denied the doctrine of res ipsa loquitur applied, or that he was liable thereunder for any damages sustained.

Defendant's motion for judgment on the pleadings were overruled. When the cases were ready for trial the parties waived a jury, and by agreement the two cases were consolidated for trial.

Other than the evidence mentioned, the testimony was that the truck which burned was about 6 years old at the time. The afternoon of the accident defendant drove into a corner of the field where harvesting was in progress, caught a "dump" of wheat from each of two combines, and then drove the truck to the other side of the field in order to get to the other loaded truck. When he stopped the truck it was facing west, and there was no fire in the field. After walking to the second truck he observed there was fire all around the truck he had left, and it was impossible to put out the fire in the truck because of danger

of explosion. Defendant testified that two or three fires were observed in the general area on this particular day. There was other evidence relative to extent of the fire, and the effort expended in getting it under control, which is immaterial to consideration of the question presented.

At the conclusion of the evidence defendant interposed separate demurrers to plaintiffs' evidence upon the ground the evidence was insufficient to show negligence on the part of defendant, or to establish a cause of action in favor of plaintiffs. After hearing argument, the trial court sustained the demurrers and rendered judgment for defendant. Motions for new trial, which were overruled, were based upon the ground the trial court's judgment was contrary to the evidence, in that the evidence was sufficient to make the rule of res ipsa loquitur applicable, so that defendant should have been required to assume the burden of proof.

The claim for reversal of these judgments is predicated solely upon the theory that the plaintiffs' evidence supporting the allegations of the petition established the applicability of the doctrine (res ipsa loquitur), so that defendant should have been required to assume the burden of proof to explain that something other than his own negligence caused the fire.

The petition alleged this fire started in defendant's truck, but that plaintiffs had no means of knowing the exact cause thereof, while defendant was in a better position to have such knowledge in view of his exclusive control of the truck. The argument is that because the truck was somewhat old it was likely to have defective wiring or other malfunctioning parts; that since it was parked out in the field away from the roadway, where the fire could not have been started by intervening agencies, and shortly thereafter was ablaze it must follow that this constituted sufficient evidence to bring the rule relied upon into play.

Supporting such argument plaintiffs rely upon a decision of the Kansas Court in Emigh v. Andrews, 164 Kan. 732, 191 P.2d 901. This decision involved a similar fact situation, wherein a truck drove into a

wheat field and a fire was started at a point over which the truck had passed. In deciding that the rule of res ipsa loquitur did not apply the court pointed out there was no allegation the truck started the fire, but the petition only alleged facts which raised a presumption of the initial cause, from which the further inference was sought to be drawn that the truck was defective, or improperly operated. But, in this connection plaintiffs urge that the petitions herein involved specifically alleged the fire started in defendant's truck, from some cause not within plaintiffs' knowledge.

▌ The following statement from the Emigh case, supra [164 Kan. 732, 191 P.2d 903], effectively forecloses plaintiffs' argument. Therein the Kansas Court stated:

" * * *. While there is conflict in the decisions relative to the application of that doctrine there is no dispute relative to the meaning of the words res ipsa loquitur. They simply mean 'the thing speaks for itself.' And that means the *thing* or *instrumentality* involved speaks for itself. It clearly does not mean the *accident* speaks for itself. It means that when the initial fact, namely what thing or instrumentality caused the accident has been shown then, and not before, an inference arises that the injury or damage occurred by reason of the negligence of the party who had it under his exclusive control. The inference of negligence arising from the initially established fact compels the defendant, in order to relieve himself of liability, to move forward with his proof to rebut the inference of negligence. It therefore quite properly has been said the doctrine of res ipsa loquitur is a rule of evidence and not of substantive law. Mayes v. Kansas City Power & Light Co., 121 Kan. 648, 650, 249 P. 599; Stroud v. Sinclair Ref. Co., 144 Kan. 74, 76, 58 P.2d 77."

The mere fact that an accident has occurred under mysterious or unexplained circumstances provides no basis for application of the doctrine which, as so often pointed out, is a rule of evidence only. Keefer v. Public Service Co. of Oklahoma, 185 Okl. 94, 90 P.2d 409; Cosden v. Wright, 202 Okl. 211, 211 P.2d 523. Lack of knowledge as to the cause of an accident alone cannot call the doctrine into play. We recognized this principle in Champlin Refining Co. v. George, 182 Okl. 118, 76 P.2d 895, wherein it was pointed out that the doctrine of res ipsa loquitur cannot be invoked until, as a preliminary proposition, a plaintiff established what thing caused the injury, and that the thing causing the injury was under the defendant's control. In the Emigh case, supra, the Kansas Court stated this principle in paragraph 4 of the syllabus, as follows:

"An inference arises only from an established foundation fact. The inference cannot supply the foundation fact from which it arises."

▌▌ In the present case the evidence established that the fire caused plaintiffs' loss. It likewise established that the fire occurred in the vicinity of the defendant's truck. Although the petition alleged that the fire started in defendant's truck, there was no evidence to support the allegation. To sustain plaintiffs' position would require a finding that, because plaintiffs' property was destroyed by a fire which was in and around the truck when discovered, the fire necessarily started in the truck. Having "presumed" the fire started in the truck, we then would be required to "infer" that defendant was negligent in his care or operation of the vehicle. The general rule is that the rule cannot apply where, after proof of the occurrence, without more, the matter still rests on conjecture, or is as reasonably attributable to some cause other than negligence. See 38 Am.Jur., Negligence, sections 301, 303.

We are of the opinion the trial court properly sustained defendant's demurrers to the evidence.

Judgment affirmed.

JOHNSON, C. J., WILLIAMS, V. C. J., and DAVISON, JACKSON and HUNT, JJ., concur.

HALLEY and BLACKBIRD, JJ., dissent.