**James BATEMAN, d/b/a Elmwood Park, Plaintiff in Error,**

**v.**

**Sharon Kay GLENN, a minor, by and through her father and next friend, Edward D. Glenn, and Edward D. Glenn, Defendants in Error.**

**No. 42105.**

Supreme Court of Oklahoma.

**Oct. 14, 1969.**

Duvall, Head, McKinney & Travis, Rex K. Travis, Oklahoma City, for plaintiff in error.

Harry R. Palmer, Jr., Oklahoma City, for defendants in error.

DAVISON, Justice.

This appeal involves an action by the plaintiff Sharon Kay Glenn, a minor (age 13 years), by and through her next friend, against the defendant James Bateman, to recover damages for personal injuries she received in the swimming pool operated by the defendant Bateman, when an unidentified boy jumped into the pool and collided with her head, whereby she suffered a fractured skull. Her father, Edward D. Glenn, also joined in the action to recover for expenditures for her hospital and medical expenses. The parties will be referred to by their trial court designations or by name.

Plaintiffs alleged the defendant maintained a tower in the swimming pool with three platforms constructed therein, at various heights and open only toward the east or deeper portion of the pool, from which customers jumped or dived into the water. Plaintiffs charged the defendant was negligent in maintaining such a tower whereby customers could only jump into the water on top of each other, and was negligent in failing to post warning signs, and in failing to provide persons to super-

vise the customers' use of the tower. Plaintiffs alleged the tower did not comply with the regulations promulgated by the State Board of Health, as authorized by 63 O.S.Supp.1963, § 1–1014, relative to public bathing places, requiring a minimum distance of 8 feet between (diving) boards. Defendant answered by general denial, a denial of negligence, and alleged Sharon was guilty of contributory negligence and that she was familiar with the pool and had assumed the risk of any dangers inherent in the use of the pool.

The trial judge instructed the jury on the issues presented by the pleadings and evidence, including contributory negligence, and assumption of risk, and proximate cause. The jury was also instructed relative to the regulations of the Board of Health requiring diving facilities at public bathing places to have adequate head room and diving depth, and that the horizontal distance between "diving" boards should not be less than eight feet. The jury was instructed that the defendant's pool was subject to these regulations and that a violation thereof was negligence in and of itself, but that it must appear from the evidence that the violation was the proximate cause of the injury. The jury returned a verdict for defendant. Plaintiff filed a motion for new trial. The court sustained the motion and defendant has appealed.

In sustaining the motion for new trial, the trial judge stated her reasons as follows:

"Irregularity in the proceedings of the jury in that the jury was apparently confused, as evidenced by the written questions propounded by the jury, by reason of which the plaintiffs were prevented from having a fair trial."

"Prejudicial error as a result of defendant's closing argument."

The evidence reflects that the tower was located at about the center of the rectangular pool, with the lowest platform about level with the water, and a second platform about 6½ feet above it, and a third platform about 6½ feet higher; that a number of diving boards were located at the east end of the pool; that defendant had owned and operated the public pool for about 13 years; that Sharon had been swimming at the pool since she was a "little girl," with the tower in place; and that on the day of the accident she and a girl friend had paid the admission fee and had entered the pool and jumped from the third platform. The evidence reflects that it was the practice, and known to Sharon and practiced by her, for persons jumping from the second and third levels to yell "Off second" or "Off third" in order, in her words "To let people you were getting ready to jump so they wouldn't jump on you, so that what happened to me wouldn't happen to them." There was testimony that lifeguards were present and one was near the tower and that they did caution or restrain children on some occasions. Sharon jumped from the third level, after shouting "Off third" and as she was coming up to the surface, a boy jumped from the second level and collided with her head. Apparently the happening did not attract the attention of the lifeguard. Sharon, knowing she was hurt, swam to the edge of the pool, and she and her girl friend left the premises a short time later, without telling anyone of the accident. The next day she was operated on for removal of a blood clot from her brain area.

Defendant contends that under the circumstances neither of the reasons given by the court is sufficient nor a valid ground for granting a new trial.

From our examination of the record we are convinced that the two reasons given by the court, although separately stated in the order granting a new trial, were in fact related and were so considered by the trial court.

The incident from which the trial judge believed the jury was confused consists of the following described circumstances. During the course of their deliberations the jury returned to the courtroom and

presented written questions to the judge. The questions related to the instruction concerning the minimum distance between diving boards and the instruction that the defendant's pool was subject to the regulations of public bathing places, and inquired if this meant the defendant's pool conformed in all respects with the rules and regulations of public bathing places. The jury also inquired "If the answer to the above is 'no,' then were there any copies of inspection" from the State, City, or County available that cited a violation of the rule. The jury also asked whether the reference to "diving" boards include diving towers where no spring boards are affixed. After a conference at the bench between the judge and attorneys, the judge stated to the jury "I cannot answer your questions" and told the jury to review and read the instructions. The jury again retired and after further deliberations returned the verdict for the defendant.

We now turn to the related happening upon which the trial judge based her conclusion of prejudicial error as a result of defendant's closing argument.

Counsel for the parties did not request that a record be made of the arguments to the jury. As a result, we must rely upon statements of counsel appearing in the case record to reconstruct the argument. The statements were made in connection with the above described return of the jury to the courtroom and submission of questions to the court. They do not reflect the actual argument. Plaintiff's counsel stated that the jury asked the questions because the argument of defense counsel questioned the negligence per se instruction, "questioning the law in the case" and that the court sustained an objection to this argument. Defendant's counsel stated he only argued whether the evidence showed a violation of the regulations upon which the court instructed. The judge then stated that neither counsel requested the arguments be recorded and "the court would hesitate to include all of the irregularities in the arguments at this point.

Does that satisfy you?" Counsel made no further comment.

In Cosmo Construction Company v. Loden, Okl., 352 P.2d 910, we stated as follows:

"The discretion vested in a trial court in granting or denying a new trial is a sound legal discretion to be exercised in accordance with recognized principles of law."

\* \* \* \* \* \*

"Where Supreme Court determines that trial court acted arbitrarily, clearly abused its discretion, or erred on some pure, unmixed question of law in granting or denying new trial, order of trial court will be reversed."

We have carefully examined the entire record in this case to determine whether or not the plaintiff was afforded a fair and impartial trial. The pleadings and evidence presented the issues of contributory negligence and assumption of risk on the part of the plaintiff, and the duty owed by the defendant to the plaintiff as an invitee to the defendant's swimming pool. The jury was also informed of the State regulations governing public bathing places. The issues were presented to the jury under instructions which appear to be adequate.

Our examination of the record discloses that the issues were supported by competent evidence, and were submitted to the jury upon instructions applicable to the parties theories, and which adequately submitted the law of the case. Under such circumstances the verdict of the jury should not be vacated upon a motion for a new trial, unless from an examination of the record it reasonably appears that the complaining party was not afforded a fair or impartial trial, or that it affirmatively appears that the trial court committed errors of law during the conduct of the proceedings. Nobles v. Crockett, Okl., 319 P.2d 1007.

Examination of the record discloses that the trial court's conclusion

that the jury was confused because the jury sought answers to the above described questions was without foundation. In any event the court directed the jury to return to their deliberations and to review and read the instructions for guidance. It is presumed that they followed the court's direction and considered the evidence in the light of the instructions.

■ It is our further conclusion that the trial court's finding of prejudicial error as a result of defendant's argument to the jury is not sustained by the record. As stated above, the argument was not recorded and the only record thereof are the statements of the attorneys, which are conclusions as to the meaning of the language used by defendant's attorney. The respective attorneys dispute the interpretation given to the language by opposing counsel. It appears from the above mentioned statements of counsel that objection was made to the argument and the objection was sustained, but there is no record that plaintiff made a request for a mistrial.

■ Alleged prejudicial remarks of counsel in his argument to the jury are not preserved for review by this court unless objected to and exception is taken at the time the remarks are made, and unless such remarks with the objection and exception, are shown in the record of the proceedings of the trial. If it appears that there has been misconduct in a trial, the aggrieved party may move the court to declare a mistrial, but in failing to do so will be deemed to have taken his chances with the jury. Lawton Transit Mix, Inc. v. Larson, Okl., 455 P.2d 696. See also Southwestern Bell Telephone Company v. Martin, Okl., 370 P.2d 840.

It is our conclusion in the instant appeal that under the circumstances the trial court's finding of prejudicial error is not sustained by the record.

It is our further conclusion that the lower court clearly abused its discretion in granting the plaintiff a new trial.

The order of the trial court sustaining the plaintiff's motion for new trial is reversed with directions to overrule the motion and re-enter judgment on the verdict for defendant.

All Justices concur.