Janet AVARD, Appellant,

v.

William LEMING and Donna
Leming, Appellees.

No. 77608.

Supreme Court of Oklahoma.

Nov. 1, 1994.

Rehearing Denied Feb. 22, 1995.

Rick Folluo, Tulsa, for appellant.

Roger R. Williams, L. Richard Howard, Williams, Baker, Howard, & Earl, Tulsa, for appellees.

LAVENDER, Vice Chief Justice.

We decide the following issues: (1) Did the trial court commit reversible error by failing to give an instruction on *res ipsa loquitur?* (2) Did Appellant (Avard) waive any error relating to refused or objected-to jury instructions? (3) Did the trial court commit reversible error by answering "no" to the jury's question of whether it could award partial damages? We hold that the trial court did not commit reversible error by refusing to give a *res ipsa loquitur* instruction, Avard waived any error relating to jury instructions not set out in her brief, and it was not reversible error to answer "no" to the jury's question concerning partial damages.

## FACTS AND PROCEDURAL HISTORY

Appellant, Janet Avard (Avard) went to the home of appellees, William and Donna Leming (Appellees) on the evening of December 5, 1989, to baby sit the Leming's daughter. Shortly after arriving and removing her shoes, Avard stepped on a sliver of glass that was in Appellees' living room carpet. The sliver of glass penetrated the ball of Avard's foot, causing medical problems which ultimately required surgery.

Avard filed a tort action against Appellees to recover damages for the injury to her foot on theories of invitee, licensee, negligence and *res ipsa loquitur.* Avard alleged that the sliver of glass came from Appellees' glass coffee table top and its presence in the living room carpet was attributable to Appellees' negligence. Appellees denied that the sliver

came from their coffee table and introduced the glass table top into evidence. The table top produced at trial had a defect in one corner but did not appear to be the source of the sliver that injured Avard's foot. The trial judge refused Avard's request for a *res ipsa loquitur* instruction and submitted the case to the jury on negligence, invitee and unavoidable accident instructions. The jury returned a verdict in favor of Appellees and Avard appealed.

On appeal, Avard claimed that the trial court committed reversible error in its instructions, verdict forms, and in answering a jury question during deliberations. The Court of Appeals reversed and remanded for a new trial, finding that Avard was substantially prejudiced by the trial court's refusal to give a *res ipsa loquitur* instruction and by erroneously giving an unavoidable accident instruction. The Court of Appeals concluded that, under a *res ipsa loquitur* instruction, the jury might have concluded that the piece of glass came from the coffee table which was an instrumentality under the exclusive control of Appellees. The Court of Appeals declined to address Avard's complaint that the trial court erred in answering "no" to a jury question of whether they could award partial damages absent a showing of negligence. The court found that the question would not likely arise on remand. Finally, the Court of Appeals held that Avard's complaint against the trial court's ruling on certain jury instructions was waived by her failure to set out the proposed instructions *in totidem verbis* in her brief or an appendix thereto, as required by Rule 15 of the Rules of the Supreme Court, 12 O.S., 1991, ch. 15, app. 1. We granted certiorari and now vacate the opinion of the Court of Appeals and reinstate and affirm the judgment of the trial court.

## DISCUSSION

### I.

We first consider whether the trial court erred in refusing to submit the case to the jury on a *res ipsa loquitur* instruction. The Court of Appeals concluded that a *res ipsa loquitur* instruction was necessary because

Appellees have no explanation how the sliver of glass came to be in their living room carpet, and because it was practically impossible for Avard to prove, by direct evidence, the circumstances that led to her injury. Appellees, however, contend that the trial court correctly refused to give a *res ipsa loquitur* instruction. According to Appellees, the evidence produced at trial did not show that they had the requisite control over the instrumentality that caused Avard's injury.

■■■ The doctrine of *res ipsa loquitur* permits a plaintiff to make a *prima facie* case of negligence by allowing the trier of facts to infer negligence, from facts established by competent evidence, on the theory that the injury complained of would not have occurred in the absence of negligence on the part of the defendant. *St. John's Hospital & School of Nursing, Inc. v. Chapman*, 434 P.2d 160 (Okla.1967). *Res ipsa loquitur* may be used to prove that an injury

> [d]oes not occur in the usual course of everyday conduct unless a person who controls the instrumentality likely to produce injury fails to exercise due care to prevent its occurrence. Exclusive control ... does no more than eliminate, within reason, all explanations for the injurious event other than the defendant's negligence—*i.e., it shows that defendant's negligence probably caused the accident....* In short, control may rest in one who assumes responsibility for the fitness of an instrumentality for its intended use. *Qualls v. U.S. Elevator Corp.*, 863 P.2d 457, 460–62 (Okla.1993) (citations omitted) (emphasis added).

A determination of the sufficiency of the evidence to permit an inference of negligence is to be made by the court before submitting the case to the jury. *See Cosden v. Wright*, 202 Okl. 211, 214, 211 P.2d 523, 527 (1949).

■■■ In the present case, the trial judge refused to give a *res ipsa loquitur* instruction, finding that the situation surrounding Avard's injury did not fit the doctrine. The Court of Appeals disagreed and found that Avard demonstrated that the instrumentality that caused her injury was under the control of Appellees, that a large sliver of glass is not ordinarily found in one's carpeting absent

someone's negligence, and that Avard's actions did not contribute to her injury. Accordingly, the Court of Appeals concluded that appellant met the threshold requirements and was entitled to a *res ipsa loquitur* instruction.

In the present case, evidence at trial established that Appellees had lived in the house where the injury occurred for approximately eight years. Appellees and their three-year-old daughter were the only people that had been in the house prior to Avard's arrival on the day of the injury. However, Appellee (Mrs. Leming) testified that she had vacuumed the carpet and cleaned the coffee table top on the morning prior to Avard's injury. She testified that she would sometimes flip the table top to clean it but was not asked if she had done so on the morning of the accident. Avard also testified at trial that she could tell the carpet had been vacuumed on the day of the accident from the marks on the rug left by the vacuum.

Avard however, further testified that she and Appellee (Mrs. Leming) puzzled the sliver of glass that caused her injury into a corner of the glass table top on the night of her injury. Appellees denied this and produced the glass table top at trial. The top produced at trial had a defect in one corner but did not appear broken. Avard acknowledged that the glass that injured her foot did not appear to come from the table top produced at trial, but claimed that it was not the same glass table top that she inspected with Appellee (Mrs. Leming) on the night of the accident.

Based on this evidence, the trial court determined that there was insufficient evidence to support an inference of negligence on the part of the Appellees. The Court of Appeals, however, disagreed and concluded that if the jury had been given a *res ipsa loquitur instruction*, it might have determined that the sliver of glass that caused Avard's injury came from Appellees' coffee table top, which was an instrument under their exclusive control. Appellees dispute this conclusion and contend that, because the sliver of glass was the instrumentality that caused the injury, Avard should be required to show that the sliver of glass or the source of that glass was under the exclusive control of Appellees before a *res ipsa loquitur* instruction should be given. Appellees argue further that the evidence did not establish how the sliver of glass came to be in their living room carpet or that they exercised control over the sliver of glass. We agree.

■ Under Oklahoma law, *res ipsa loquitur* is not applicable until the plaintiff has established what instrumentality caused her injury and that the defendant exercised control over that instrumentality. *Ayers v. Amatucci*, 206 Okla. 366, 368, 243 P.2d 716, 718 (Okla.1952). Moreover, the control exercised over the instrumentality must be more than mere possession of the instrument at the time of the injury. *Laffoon Oil Co. v. Flanagan*, 330 P.2d 194, 197 (Okla.1958). The trial court correctly found that Avard established that a sliver of glass was the instrument that caused her injury, but was unable to establish that the Appellees exercised control over that instrument. The Court of Appeals' determination that the coffee table was under the exclusive control of Appellees is not enough to invoke the doctrine of *res ipsa loquitur* until Avard has established where the sliver of glass came from.

This Court has previously recognized that the fact that an accident has occurred under mysterious or unexplained circumstances provide no basis for applying *res ipsa loquitur*. *National Union Fire Ins. Co. v. Elliott*, 298 P.2d 448, 451 (Okla.1956). In *National Union Fire Insurance Co.*, a plaintiff brought an action to recover for loss of grain caused by a fire which was first observed in the vicinity of the defendant's truck. The plaintiff alleged that the loss resulted from a lack of care in defendant's management and control of his truck. The court refused to invoke *res ipsa loquitur*, finding that the evidence only established that the fire originated in the vicinity of the defendant's truck. *Id.* at 451. The court recognized that the doctrine could not be applied based only on a presumption as to the cause of the fire. *Id.*

In the present case, the evidence presented did not establish anything more than the presence of the sliver of glass in Appellees' living room carpet on the evening of Avard's injury. The evidence did not establish that

Appellees had any knowledge of the sliver of glass, prior to Avard's injury *or that the glass could have come to be in Appellees' living room carpet only through their negligence.*

■ The rule in Oklahoma is that *res ipsa loquitur* cannot be applied "where, after proof of the occurrence, without more, the matter still rests on conjecture, or is reasonably attributable to some cause other than negligence." *National Union Fire Ins. Co.,* 298 P.2d at 451. Appellees correctly note that an inference that the presence of glass was explainable only by negligence requires a presumption that they did not produce at trial the table top that was present on the night of Avard's injury, that Appellees had knowledge that the glass was in their carpet, or that the glass had been in the carpet so long that Appellees should have known of its presence. This type of speculation precludes the application of *res ipsa loquitur.* In addition, based on the evidence presented and the fact that Avard's injury occurred in a high traffic area of Appellees' home, a jury could easily find that the presence of glass was reasonably attributable to a cause other than negligence. We therefore hold that the trial court did not err in refusing to give an instruction on *res ipsa loquitur.*

## II.

■ We next consider whether Avard waived any error in the trial court's submission of instruction on unavoidable accident by failing to set out the instruction in her brief in chief, or in an appendix thereto. Avard argued that the trial court committed reversible error by submitting the case to the jury on an unavoidable accident instruction and objected to the instruction at trial. The objection was noted in the trial court transcript, however, Avard failed to include the complained-of instruction in her brief in chief, or in an appendix thereto. Avard contends that the absence of the objected-to instruction in the record is attributable to the trial court's failure to follow its statutory duty of filing all

instructions actually given in the court file as part of the record.[1]

However, Rule 15 of the Rules of the Supreme Court, 12 O.S.1991, ch. 15, App. 1, provides requirements that must be complied with by the parties when filing briefs with this court. This rule provides in pertinent part, "where a party complains of an instruction given or refused, he shall set out *in totidem verbis* the instruction or the portion thereof to which he objects together with his objection thereto." In *James v. State Farm Mut. Ins. Co.,* 810 P.2d 365, 371 (Okla.1991), this court held that "errors in refusing requested instructions or in giving objectionable instructions are waived when not set out in compliance with this rule." Rule 15 contains no exceptions to its requirements or permits a party to rely on the trial court to ensure that the instructions objected to are preserved on appeal. As appealing party, Avard was required to include all instructions objected-to or denied by the trial court in her brief in chief or in an appendix. *See Eckel v. Adair,* 698 P.2d 921, 925 (Okla.1984) (citations omitted) wherein we stated that "[t]his court will not consider as part of the appellate record any written or printed instrument that was not properly included in it. A deficient record may not be supplemented on rehearing." We therefore find that Avard waived all errors by the trial court in giving objected-to or refusing requested instructions when she failed to comply with Rule 15 of the Rules of the Supreme Court.

Avard has also requested that this court permit her to amend the Designation of Record to include the jury instructions given by the trial court as part of the record. Because Rule 15 contains no exceptions, even where the trial court fails to include instructions as part of the record, we deny her request.

## III.

■ We next address Avard's claim that the trial court erred in answering "no" to a jury question concerning the award of partial damages, and whether the trial court erred

---

1. Appellant cites 12 O.S.1991, sec. 577 Sixth, which provides: "All instructions given by the Court must be signed by the judge; and filed together with those asked for by the parties as a part of the record."

by submitting the case to the jury on one verdict form for both Appellees (William and Donna Leming). The Court of Appeals declined to address the issue of the trial court's answer to the jury's question on partial damages, finding that the question would not likely arise again on remand. The court concluded that the issue of separate verdict forms was waived by Avard's failure to set out the requested forms in her brief in chief or an appendix.

As to the issue of separate verdict forms, we agree with the Court of Appeals that, by failing to comply with Rule 15 of the Rules of the Supreme Court, Avard waived any error concerning the trial court's denial of separate verdict forms. We will therefore only address her claim of error relating to the trial court's answer to the jury's damage question.

■ During deliberations, the jury sent a note to the trial judge asking if partial damages could be awarded to Avard absent a showing of negligence. Avard requested that the court instruct the jury to render verdict on the instructions already given and the facts presented.[2] However, the court answered the question "no." Avard claims that this response precluded the jury from considering the duty Appellees owed her as an invitee in their home and required the jury to find negligence in order to render a verdict for her. Essentially, Avard argues that the trial court's answer placed undue emphasis on the negligence theory and "totally decimated" any instruction regarding an invitee.

■ In *Sutherland v. St. Francis Hospital, Inc.*, 595 P.2d 780 (Okla.1979), this court

recognized that a landowner's liability for negligence to those injured on his property varies depending upon the status on the person injured.[3] A person is given the status of an invitee if that person possesses an express or implied invitation to be on the premises. *St. Louis–San Francisco R. Co. v. Williams*, 176 Okla. 465, 56 P.2d 815 (1936). This Court has previously held that a homeowner is liable for injuries to an invitee if evidence shows that the homeowner knew or *should have known* of a dangerous condition on the premises and failed to warn the invitee. *McKinney v. Harrington*, 855 P.2d 602 (Okla.1993) (emphasis added).

The trial court correctly determined that Avard was an invitee at the time she was injured. Avard was asked by Appellees to come to their home to baby sit their daughter. Therefore, under the invitee rule announced in *McKinney*, the jury *might* have concluded that Appellees *should have known* of the presence of glass in their living room carpet and would therefore be liable for the injuries sustained by Avard. The trial court's answer of "no" to the jury's question perhaps could have led to a different verdict than would have been rendered had the court instructed the jury to decide the case on the facts and instructions as presented and this may have constituted cause for reversal.[4]

However, the instruction concerning the duty owed to an invitee given by the trial court differs materially from the invitee rule provided by this Court in *McKinney*. The instruction given by the trial court is as follows:

---

**2.** Appellant relies on *Bateman v. Glenn*, 459 P.2d 854 (Okla.1969). There, in an action for damages arising from a swimming pool accident, a jury sent a note to the trial judge asking whether a reference to diving boards included diving towers without spring boards. The judge told the jury that he could not answer their question and that they should review and read the instructions given. *Id.* at 857. *See also Bosin v. State*, 565 P.2d 1061 (Okla.Crim.App.1977).

**3.** *See also Brewer By and Through Brewer v. Independent School District No. 1*, 848 P.2d 566 (Okla.1993) (landowners have duties to those who come on their property and the nature of the duty depends upon whether the person is a trespasser, licensee, or invitee).

**4.** The test for reversal for misdirection of the jury is governed by 20 O.S.1991, sec. 3001.1, which provides as follows:

> No judgment shall be set aside or new trial granted by any appellate court of this state in any case, civil or criminal, on the ground of misdirection of the jury or for error in any matter of pleading or procedure, unless it is the opinion of the reviewing court that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right.

**268**

It is the duty of the owner to use ordinary care to keep his premises in a reasonably safe condition for the use of his invitees. It is the duty of the owner to warn invitees of dangerous conditions upon the premises which are *known* by the owner but not by the invitee. The duty extends to all portions of the premises to which an invitee may reasonably be expected to go.

Under this instruction, the jury could only have found Appellees liable to Avard, an invitee, if the jury concluded that they knew of the presence of glass in their living room carpet and failed to warn Avard of that fact. This instruction places no duty on Appellees to warn of dangers they *should have known* existed on their property. As noted in Part I of this opinion, there was insufficient evidence presented at trial to show that Appellees had any actual knowledge of glass being present in their living room carpet on the night of Avard's injury. Furthermore, we note that Avard has not challenged the content of the invitee instruction given by the trial court, but only the response given by the trial judge to the jury's question concerning partial damages. We find that the trial court's answer to the jury's question did not cause a miscarriage of justice or produce a verdict different from what would likely have been rendered had the court responded as the appellant requested. We therefore reject Avard's claim that the trial judge's answer of "no" to the jury's question of whether it could award partial damages constituted reversible error.

### CONCLUSION

The trial court did not commit reversible error by refusing to give a *res ipsa loquitur* instruction. Avard waived error on the refusal of the proposed instruction on unavoidable accident and no reversible error was committed by the trial judge for answering "no" to the jury's question relating to an award of partial damages. For the reasons herein stated, the opinion of the Court of Appeals is **VACATED** and the judgment of the trial court is **REINSTATED** and **AFFIRMED**.

HODGES, C.J., and SIMMS, HARGRAVE and OPALA, JJ., concur.

SUMMERS, J., concurs in judgment.

KAUGER, J., concurs in part; dissents in part.

ALMA WILSON and WATT, JJ., dissent.