F I L E D
United States Court of Appeals
Tenth Circuit

FEB 14 1997

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

————————————

ALAN FARRIS; KELLY FARRIS,

    Plaintiffs-Appellants,

v.

WAL-MART STORES, INC., an
Arkansas Corporation,

    Defendant-Appellee.

No. 96-5162
(D.C. No. 95-CV-457)
(N.D. Oklahoma)

————————————

**ORDER AND JUDGMENT**[*]

————————————

Before **BRORBY, EBEL** and **KELLY**, Circuit Judges.

————————————

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

    [*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiffs, Mr. Alan Farris and his wife, Mrs. Kelly Farris, appeal from the district court's refusal to grant their motion for a new trial. Their asserted ground in support of a new trial was, and remains, the district court's refusal to instruct the jury on the doctrine of *res ipsa loquitur*.[1] We affirm the district court's holding.

The facts are simple. Mr. Farris was shopping at the Wal-Mart store in Pryor, Oklahoma. While walking down an aisle, Mr. Farris slipped and fell to the floor. During or immediately subsequent to Mr. Farris' fall, a wooden book cabinet fell from a display counter adjacent to the aisle onto Mr. Farris. At trial, Mr. Farris claimed that as he slipped, he "placed [his] hand on the shelf" holding the book cabinet to correct himself, and that after he walked "approximately two, three feet" further down the aisle the cabinet toppled over onto him. He contended Wal-Mart was negligent in failing to properly secure the cabinet. In response, Wal-Mart offered evidence that Mr. Farris caused the cabinet to fall by physically grabbing onto it when he slipped and fell. The jury issued a verdict in

_____

[1] On appeal, Wal-Mart asserts Plaintiffs failed to reference the doctrine of *res ipsa loquitur* in their pre-trial brief, and therefore the district court's refusal to instruct the jury on the doctrine, and its refusal to grant a new trial, was proper. The district court did not cite this issue as grounds for denying Plaintiffs' motion for a new trial. Because we affirm the district court's holding for largely the reasons set forth by that court, we need not, and do not, reach this issue.

favor of Wal-Mart.

Generally, we review a district court's denial of a motion for a new trial for abuse of discretion. *E.g., Sheets v. Salt Lake County*, 45 F.3d 1383, 1390 (10th Cir.), *cert. denied*, 116 S. Ct. 74 (1995). However, where the district court's decision turns on an issue of law, we review the district court's determination on that question *de novo*. *Morgan v. City of Albuquerque*, 25 F.3d 918, 919 (10th Cir. 1994). State law governs the substance of a jury instruction in a diversity case, and federal procedural law governs the grant or denial thereof. *E.g.*, *Lyon Dev. Co. v. Business Men's Assurance Co.*, 76 F.3d 1118, 1124 (10th Cir. 1996); *City of Wichita v. United States Gypsum Co.*, 72 F.3d 1491, 1494-95 (10th Cir. 1996). Here, the applicability of the doctrine of *res ipsa loquitur* is a substantive question of Oklahoma law, which we review *de novo*. *Jackson v. Oklahoma Memorial Hosp.*, 909 P.2d 765, 770-71 (Okla. 1995); *see also Avard v. Leming*, 889 P.2d 262, 264 (Okla. 1994) ("A determination of the sufficiency of the evidence to permit [use of *res ipsa loquitur*] is to be made by the court before submitting the case to the jury."); *cf. Lyon Dev. Co.*, 76 F.3d at 1124-25 (examining state law in determining correctness of district court's refusal to give requested instructions); *City of Wichita*, 72 F.3d at 1495 (same).

Under Oklahoma law, the doctrine of *res ipsa loquitur* "'is a rule of evidence whereby negligence of the alleged wrongdoer may be inferred from the mere fact that the accident happened.'" *St. John's Hosp. & Sch. of Nursing, Inc.*, 434 P.2d 160, 166 (Okla. 1967) (quoting *Lawton Coca-Cola Bottling Co. v. Shaughnessy*, 216 P.2d 579, 610 (Okla. 1949)). The doctrine aids the plaintiff "by allowing the trier of facts to infer negligence, from facts established by competent evidence, on the theory that the injury complained of would not have occurred in the absence of negligence on the part of the defendant." *Avard*, 889 P.2d at 264 (citing *St. John's Hosp.*, 434 P.2d 160).

However, the simple fact an accident occurred "under mysterious or unexplained circumstances provide[s] no basis for applying *res ipsa loquitur*." *Id.* at 265 (citing *National Union Fire Ins. Co. v. Elliott*, 298 P.2d 448, 451 (Okla. 1956)). Rather, to be entitled to an instruction on the doctrine, the plaintiff must establish three elements:

> (1) the event is of a kind which ordinarily does not occur in the absence of someone's negligence, (2) the accident was caused by an agency or instrumentality within the exclusive control of the defendant, and (3) the accident was not due to any voluntary action or contribution on the part of the plaintiff.

*Federal Ins. Co. v. United States*, 538 F.2d 300, 301-02 (10th Cir. 1976) (applying Oklahoma law); *see also Avard*, 889 P.2d at 266 ("[*R*]*es ipsa loquitur*

cannot be applied 'where, after proof of the occurrence, without more, the matter still rests on conjecture, or is reasonably attributable to some cause other than negligence.'") (quoting *National Union Fire Ins.*, 298 P.2d at 451).

The Oklahoma Supreme Court has elaborated on the latter two requirements:

> In cases where an inanimate object is directly involved in causing the plaintiff's injury or damage, it is quite logical to require that the plaintiff show, as a preliminary proposition, that the defendant had the management and control of the object *at the time the negligence, if any, on the part of the defendant would have occurred* and that the *plaintiff had no management or control over the object at any pertinent time and therefore could have had nothing to do with causing the injury or damage*.

*St. John's Hosp. & Sch. of Nursing*, 434 P.2d at 167 (emphasis added).

> While as a general rule the doctrine of *res ipsa loquitur* cannot be invoked where the instrumentality is not under the exclusive control of the defendant at the time of the injury, the doctrine may nevertheless be applied where there is *an affirmative showing on the part of the plaintiff* that the instrumentality causing the injury was not subjected to any extraneous harmful force while in the hands of the plaintiff or third parties after the instrumentality leaves the hands of the defendant.

*Michel v. Branham*, 327 P.2d 440, 441 (Okla. 1958) (emphasis added).

Here, the district court correctly concluded Plaintiffs failed to prove the second and third elements essential to the application of the *res ipsa loquitur*

doctrine in Oklahoma.  Substantial evidence shows Mr. Farris contributed to the falling of the bookcase, thus removing the bookcase from Wal-Mart's exclusive control.  Accordingly, the accident is "reasonably attributable to some cause other than [Wal-Mart's] negligence." *See Avard*, 889 P.2d at 266.  Federal law requires a jury instruction to be supported by sufficient competent evidence to permit a jury finding based on the instruction.  *Holt v. Deere & Co.,* 24 F.3d 1289, 1294 (10th Cir. 1994).  Therefore the district court's refusal to instruct the jury on *res ipsa loquitur* was proper, and it did not abuse its discretion by rejecting Plaintiffs' motion for a new trial.

**AFFIRMED.**

                                 **Entered for the Court:**

                                 **WADE BRORBY**
                                 United States Circuit Judge