FILED
United States Court of Appeals
Tenth Circuit

June 1, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

I. DALE LAMB; PEGGY LAMB,
husband and wife; L. RENEE CAGE;
DENNIS CAGE, husband and wife; G.
DOUGLAS LOWE; LINDA LOWE,
husband and wife; GLADYS HARRIS,
individually; LANNY CARTWRIGHT;
BARBARA CARTWRIGHT, husband
and wife; SCOTT HOBBS; JACQUIE
HOBBS, husband and wife; STACEY
CLARK, husband; SAEN CLARK, wife
and as mother of K. Clark, minor child of
Stacey Clark; RANDY LYNN, husband;
ANGELIQUE LYNN, wife and as natural
mother of B. Lynn and R. Lynn, minor
children of Randy Lynn,

          Plaintiffs - Appellants,

v.

JB HUNT TRANSPORT SERVICES
INC.; JB HUNT TRANSPORT INC.;
DANIEL KUDER; SCOTTS
PRODUCTS, CO.; SCOTTS
PROFESSIONAL PRODUCTS, CO.;
THE SCOTTS COMPANY; THE
SCOTTS MIRACLEGRO COMPANY;
ILLINOIS NATIONAL INSURANCE
COMPANY, an Illinois Corporation;
LEXINGTON INSURANCE
COMPANY, a Massachusetts corporation;
LLOYDS OF LONDON INSURANCE
COMPANY; UNDERWRITERS AT
LLOYDS LONDON,

          Defendants - Appellees.

No. 07-7085

Eastern District of Oklahoma

U.S.D.C. No. CIV-06-032-JHP

**ORDER AND JUDGMENT**[*]

Before **MURPHY, HOLLOWAY** and **O'BRIEN**, Circuit Judges

# I

Plaintiffs-appellants appeal from the judgment of the district court in favor of defendants-appellees in this personal injury case. Jurisdiction in the district court was based on diversity of citizenship, 28 U.S.C. § 1332, and this court has jurisdiction under 28 U.S.C. § 1291 because the district court entered final judgment on all claims as to all parties. The district court entered final judgment after having granted defendants' motion for summary judgment. Other defendants also prevailed on motions for summary judgment in the district court, but plaintiffs have appealed only the judgment in favor of defendants J.B. Hunt Transport, Inc. ("Hunt"), Daniel Kuder, formerly a driver for Hunt, and Hunt's liability insurer, Illinois National Insurance Company. As to Illinois National, both sides agree that no separate issues are raised in this appeal; because its liability, if any, is only as insurer for Hunt. The district court's judgment in favor of Illinois National must be affirmed if the judgment against Hunt is affirmed and must be reversed if judgment against Hunt is reversed.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

**II**

Plaintiffs were dock workers at a Georgia Pacific facility in Muskogee, Oklahoma.[1] On June 26, 2004, defendant-appellant Kuder arrived at the Georgia Pacific dock driving a tractor-trailer loaded with recyclable waste paper that he had picked up from Standard Waste Systems in Dallas, Texas. After the trailer had been unloaded, plaintiffs began to clean it of remaining debris. A load of recyclable paper usually left about three wheelbarrows full of debris, according to the deposition testimony of one of the plaintiffs. As the debris was being swept up, plaintiffs began experiencing adverse reactions including extreme nausea, coughing, shortness of breath, and irritation of the skin, eyes, and nasal passages.

As investigation of the incident progressed, chemical testing of materials remaining in the trailer revealed the presence of a hazardous chemical, sodium pentachlorophenlate or sodium pentachlorophenol (sodium PCP). Investigation and the subsequent discovery process in this litigation were unsuccessful, however, in determining the source of the sodium PCP. No hazardous chemicals had been hauled in the trailer in the past six months, according to Hunt's records. Testing found no trace of the sodium PCP in the recyclable paper that had just been unloaded from the trailer. No other person known to have been in the trailer had experienced any unusual reaction from exposure to anything within the trailer. Moreover, the chemical is one that has not been

---

[1]In addition to the dockworkers themselves, some spouses and children of the workers are named plaintiffs, but for purposes of this opinion we need not separately consider their claims.

available to the public for over twenty years.  It is used commercially (after being

liquified) to treat wooden utility poles to prevent infestation by insects, among other

things.

**III**

The district court carefully analyzed the issues presented on summary judgment in

an 18-page Order and Opinion.  After reciting the basic facts, the judge noted a

discrepancy between the legal theory on which the defendants had relied in support of

their motion and the approach taken by the plaintiffs in their opposition to the motion.

The judge said that the defendants had rested their motion on the contention that they did

not have a duty under the circumstances to take action to avoid the injuries sustained by

the plaintiffs, while the plaintiffs' response had argued that negligence on the part of the

defendants had been the proximate cause of plaintiffs' injuries.

Faced with legal arguments "at cross-purposes," the court proceeded to analyze the

dispositive issues.  First, the judge considered the theory that the hazardous chemical had

been in the trailer before it received the load of waste paper from Standard Waste

Systems.  Plaintiffs had not produced any evidence to establish the basis for that theory.

There was no evidence that the trailer had hauled any hazardous chemicals for the six

months prior to the incident.  Moreover, the plaintiffs had not challenged the defendant's

assertion that it was an undisputed fact that the trailer had been clean before picking up

the Standard Waste load.[2]  Accordingly, the district judge concluded, plaintiffs could not show that any negligence in handling any prior loads had been the proximate cause of plaintiffs' injuries.

Next, the judge considered the possibility that defendants had been negligent in handling the Standard Waste Systems load.  The court noted that plaintiffs had asserted that the documents concerning this load had a reference to hazardous materials and that the driver had failed to secure the load inside the trailer.  The court noted that these assertions suggested that plaintiffs were invoking the theory of negligence per se, under which the violation of a statute or ordinance may lead to liability when the injury was caused by the violation, the injury is of a type intended to be prevented by the regulation, and the injured party is a member of the class intended to be protected by the regulation. *See Ohio Casualty Ins. Co. v. Todd*, 813 P.2d 508, 510 (Okla. 1991).

Concluding that plaintiffs could not prevail under the doctrine of negligence per se, the district judge observed that there was no evidence that the load from Standard Waste Systems included hazardous materials; plaintiff's expert had testified that the reference to hazardous materials in one section of the document was probably "inadvertent" inasmuch as other sections of the document pertaining specifically to hazardous materials were blank.  Certainly there was no evidence that defendants had knowingly transported hazardous materials in the trailer either in that load or in any

---

[2]Plaintiffs belatedly tried to contest this assertion with the driver's deposition testimony.  This minor controversy over the evidence is not material to our disposition of the issues on appeal.

recent load.  Moreover, the judge reasoned, the plaintiffs were not in the class of persons intended to be protected by regulations requiring that cargo be secured.

The judge also concluded that defendants could not be held liable on a common law negligence theory because plaintiffs' injuries were insufficiently foreseeable to impose a duty on defendants to use ordinary care to prevent the injuries.  The defendants had no reason to believe that there were any hazardous materials in the trailer.

The district judge also found that summary judgment for defendants was proper on plaintiffs' theory of *res ipsa loquitur*.  One of the requirements for application of that doctrine is that the instrumentality that caused the injury must have been in the exclusive control of the defendants.  The court recognized that "exclusive control" in this context is a term of art with flexible meaning, citing *Qualls v. United States Elevator Corp.*, 863 P.2d 457, 462 (Okla. 1993).  Nevertheless, the court concluded that exclusive control could not be shown here, where the trailer had been on the premises of various shippers and receivers during the normal course of business.  The judge noted that this trailer had been in possession of a Wal-Mart store in Sanger, Texas just before being picked up by defendant Kuder; that Kuder transported the trailer to the Standard Waste facility in Dallas, where Standard Waste employees loaded it; and that after Kuder had taken the trailer to the Georgia Pacific facility in Muskogee, it had been unloaded by the plaintiffs. The court cited *Wheeler v. Koch Gathering Systems, Inc.*, 131 F.3d 898, 904 (10th Cir. 1997), for the principle that "[c]ontrol is not exclusive for purposes of the *res ipsa loquitur* doctrine where the proof does not reasonably eliminate the activities of a third

party or condition having access to the instrumentality, which could alternatively be a probable cause of the plaintiff's accident."

## IV

"We review a grant of summary judgment *de novo*, applying the same standard as the district court." *McKnight v. Kimberly Clark Corp.*, 149 F.3d 1125, 1128 (10th Cir. 1998). Summary judgment should be entered by the district court "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). On appeal,

> [w]e examine the record to determine whether any genuine issue of material fact was in dispute; if not, we determine whether the substantive law was applied correctly, and in so doing we examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing the motion.

*McKnight*, 149 F.3d at 1128 (brackets and quotations omitted).

The district court applied Oklahoma law in this diversity case, apparently without objection from any party. Oklahoma law seems the obvious choice because Oklahoma is both the forum state and the locus of the injury. With neither party suggesting on appeal that the district court erred by applying Oklahoma law, we will do likewise.

## A

Under Oklahoma law, a plaintiff seeking to recover for injuries caused by a defendant's alleged negligent acts must show that the defendant owed a duty of care to

the plaintiff to protect the plaintiff from such harm, that the defendant breached the duty of care, and that the plaintiff's injuries were caused by that breach of duty. *See Lowery v. Echostar Satellite Corp.*, 160 P.3d 959, 964 (Okla. 2007). Whether the defendant owed the plaintiff a duty of care is the "threshold question in any negligence action," and is a question of law for determination by the court. *Id.* If the court determines that the defendant did not owe a duty of care to the plaintiff, "there can be no liability for negligence as a matter of law." *Id.*

Plaintiffs' argument in their opening brief is focused on the contention that the hazardous material was in the trailer before the waste paper was loaded at Standard Waste. From this, they reason that the driver (who admittedly was acting as agent for Hunt) had a duty to protect them from this material. There are several flaws in plaintiffs' argument. First, there is no evidence that the hazardous material was in the trailer before the Standard Waste recyclable paper was loaded. The evidence that some of the paper bales had been tested and showed no trace of the hazardous material would help to support the inference that the chemical must have been in the trailer earlier *if* that inference were supported by other competent evidence. But standing alone this fact is not sufficient to make the inference more than mere speculation. An observation made by the district judge is worth noting here. The plaintiffs' inability to find evidence that the hazardous material was in the waste paper is not sufficient to prove that the source of the hazardous material was in the trailer before the waste paper was loaded.

Plaintiffs cite Hunt's company policy requiring drivers to ensure that trailers are

clean before accepting loads and to sweep trailers out when necessary to meet that requirement. But plaintiffs offer no response to defendants' evidence that the purpose of the policy is not to avoid unforeseeable harm to persons in plaintiffs' position but rather for the purpose of customer relations. In any event, plaintiffs have not produced evidence that the trailer was not clean before the driver picked up the load from Standard Waste, nor have they shown that this fact is material in the circumstances of this case.

The district court erred, plaintiffs contend, in finding that it was an undisputed fact that the trailer was clean before the driver picked up the load from Standard Waste. Plaintiffs say that the driver's credibility was in issue because in his deposition he said both that the trailer was "clean" and that it was "decently clean." Moreover, they assert that a photo taken after plaintiffs reported their reactions to the dust stirred up in the process of sweeping the trailer proves that the trailer had been dirty before the waste paper from Standard Waste was loaded.

The last assertion is utterly unconvincing. One of the plaintiffs testified that two or three wheelbarrows full of debris would be removed from a trailer after unloading a cargo of waste paper. The photo, we are told, was taken after the waste paper had been unloaded and the trailer *partially* cleaned. To assert that the photo showed the condition of the trailer before the waste paper had been loaded and unloaded is simply untenable. And as for the discrepancy in the driver's testimony, we cannot conclude, even taking this evidence in the light most favorable to the plaintiffs, that a reasonable jury could infer the presence of the hazardous material from this minor difference in wording.

-9-

In sum, then, we find no evidence from which a reasonable jury could conclude, as plaintiffs contend, that the hazardous material had been in the trailer before the waste paper had been loaded. Moreover, we conclude that even proof of that assertion would be insufficient in the circumstances of this case. The law of negligence is based on principles of fault; it is not strict liability. Thus, even if plaintiffs could establish that the hazardous material had been in the trailer before the load of waste paper was transported – which, we repeat, they have not been able to establish – that would be insufficient. Plaintiffs would still need to show that defendants knew or should have known, not merely that the trailer was not clean, but that the trailer contained hazardous material in order to establish, as a point of law, that the defendants owed a duty to plaintiffs to act with reasonable diligence to protect them from exposure to the material.

As a matter of law, foreseeability is "the most important consideration" in analyzing whether a defendant owes a duty of care to a plaintiff. *Delbrel v. Doenges Bros. Ford, Inc.*, 913 P.2d 1318, 1321 (Okla. 1996). See also *Palsgraf v. Long Island R. Co.*, 248 N.Y. 339, 162, N.E. 99 (1928). This often, as here, is a question of what the defendant knew or should have known. *See Moran v. City of Del City*, 77 P.3d 588, 592-93 & n.5 (Okla. 2003). Even if we were to assume, *arguendo*, that the trailer was visibly dirty when the driver picked it up and took it to Standard Waste to load the waste paper, we would still be unpersuaded by plaintiffs' argument. Plaintiffs cite no support for the contention that the mere presence of something on the floor of the trailer should have been recognized by the driver as a threat of hazardous materials. There is no evidence, as

far as we have found, that the toxic nature of the substance would have been detectable to the driver, or indeed to anyone, by its appearance to the eye, nor is there any evidence of which we are aware that the substance gave off any noxious odor that would have put the driver on notice of danger. Indeed, the plaintiffs testified that they noted nothing at all out of the ordinary until they dispersed the substance into the air as they cleaned out the remaining debris in the trailer after unloading the waste paper.

In sum, the source of the hazardous material remains a mystery. The evidence provides no basis for concluding that defendants knew or should have known of its presence before the plaintiffs were exposed to it. No fact has been identified from which we could infer that the risk to the plaintiffs was foreseeable. It follows that plaintiffs cannot show that defendants owed them a duty to protect them from this risk. We thus agree with and affirm the district court's holding on this issue.

**B**

We likewise agree with and affirm the district court's holding that plaintiffs have not shown that they can hold the defendants liable under the theory of *res ipsa loquitur*.

> *Res ipsa loquitur* is a pattern of proof which may be applied to an injury that does not occur in the usual course of everyday conduct unless a person who controls the instrumentality likely to produce injury fails to exercise due care to prevent its occurrence. With the aid of *res ipsa loquitur* negligence may be inferred from the harm without the aid of circumstances pointing to the responsible human cause. The fundamental element of this evidentiary process is the "control of the instrumentality" which caused the damage. Whether a case is fit for the application of *res ipsa loquitur* presents a question of law; it is a judicial function to determine if a certain set of circumstances permits a given inference.

*Qualls v. United States Elevator Corp.*, 863 P.2d 457, 460 (Okla. 1993).

A plaintiff invoking *res ipsa loquitur* must establish the existence of four "foundation facts": one, that the injury is one that does not usually occur in the absence of negligence; two, the defendant had exclusive control of the instrumentality that caused the injury; three, evidence of the true explanation for the incident is more accessible to the defendant than to the plaintiff; and four, the circumstances are not likely to produce an injury unless defendant has failed to exercise due care to prevent its occurrence. *See Harder v. F.C. Clinton, Inc.*, 948 P.2d 298, 303 & n.12 (Okla. 1997). In this case, the district court discussed only the second of these factors, that of exclusive control by the defendant of the instrumentality of injury. Concluding that the trailer had not been in the exclusive control of these defendants, the court granted the defendants' motion for summary judgment. We agree that *res ipsa loquitur* is not available to the plaintiff here because the instrumentality causing injury was not in the defendants' exclusive control, but we think that the instrumentality is the hazardous chemical rather than the trailer.

In analyzing the issue we begin with recognition that "exclusive control" is a term of art with a meaning that is not absolute, as the words taken literally would suggest: "Exclusive control, which is a flexible concept . . . does no more than eliminate, within reason, all explanations for the injurious event other than the defendant's negligence – *i.e.*, it shows that defendant's negligence *probably* caused the accident." *Qualls*, 863 P.2d at 462 (emphasis in original).

Applying this concept to the facts of record in this case, we find that we are not

able to eliminate, within reason, all explanations for the injurious event other than the defendants' negligence. The instrumentality that caused the injury, the hazardous chemical, is of unknown origin. Nor is it known how the material came to be in the trailer, nor by whose hand. What we do know is that there is no fact in evidence that would support an inference that the defendant knew or should have known of its presence. With this state of knowledge, the likelihood that the defendants' negligence caused the injury cannot be said to be greater than that the negligence of one of defendants' shipping customers caused the injury. The evidence of record does establish that there are federal requirements for shipping hazardous materials, but it provides no basis for determining which party in this case might have failed to follow those requirements.

The district court focused primarily on one of our cases applying Oklahoma law in this area, *Wheeler v. Koch Gathering Systems, Inc.*, 131 F.3d 898 (10th Cir. 1997), which the judge reasoned was more analogous to this case than *Qualls*. We find more guidance in *Avard v. Leming*, 889 P.2d 262 (Okla. 1994). In *Avard*, the plaintiff had been a babysitter in the home of the defendants. She was injured when she stepped on a shard of glass. The origin of the glass was unknown, although plaintiff testified that after her injury, she and one of the defendants had matched the shard with a flaw in a glass table top in defendants' home. The table top introduced in evidence, however, did not support that testimony.

The Oklahoma Supreme Court in *Avard* held that the trial court had correctly

-13-

refused to instruct the jury on *res ipsa loquitur*. The court held that the plaintiff had been unable to show that the defendants had been in control of the piece of glass, noting that possession alone is insufficient. 889 P.2d at 265. It was insufficient to show that the coffee table had been in defendants' control. The evidence did not show that defendants had any knowledge of the presence of the sliver of glass that caused the injury, and its presence could easily be found to have been attributable to a cause other than defendants' negligence, the court said. "The fact that an accident has occurred under mysterious or unexplained circumstances provide[s] no basis for applying *res ipsa loquitur*," the court noted, which cannot be applied "'where, after proof of the occurrence, without more, the matter still rests on conjecture, or is reasonably attributable to some cause other than negligence.'" 889 P.2d at 265-66 (quoting *National Union Fire Ins. Co. v. Elliott*, 298 P.2d 448, 451 (Okla. 1956)).

We think these observations apply with full force to this case on the facts developed. The instrumentality of injury, the hazardous chemical, was not shown to be under control of the defendants, and a jury could reasonably find that the presence of the chemical was attributable to a cause other than negligence on the part of these defendants. Therefore, the district court did not err in granting defendants' motion for summary judgment on plaintiffs' *res ipsa* theory.

V

-14-

The judgment of the district court is AFFIRMED.

Entered for the Court
William J. Holloway, Jr.


Circuit Judge